IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EASTON HOTEL RESTORATION, LLC,<br>Plaintiff, | : CIVIL ACTION – LAW<br>: |
| v. | : NO: 5:10-cv-02942-JKG |
| SELECTIVE WAY INSURANCE COMPANY,<br>Defendant. | : |

## **O R D E R**

AND NOW, this _____ day of _____, 2010, the following is ORDERED:

1. The defendant's request for two (2) days to file its Motion to Dismiss plaintiff's Complaint pursuant to Fed.R.Civ.P. No. 12(b)(1) and (6) is DENIED;

2. The defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. No. 12(b)(1) is DENIED; and –

3. The defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. No. 12(b)(6) is DENIED.

BY THE COURT:

_____
JAMES KNOLL GARDNER, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EASTON HOTEL RESTORATION, LLC, : | |
| Plaintiff, : | CIVIL ACTION – LAW |
| : | |
| v. : | NO: 5:10-cv-02942-JKG |
| : | |
| SELECTIVE WAY INSURANCE COMPANY, : | |
| Defendant. : | |

## ANSWER OF PLAINTIFF TO DEFENDANT'S MOTION
## TO DISMISS PURSUANT TO RULES 12(b)(1) AND (6)

Plaintiff hereby opposes the Motion to Dismiss of the defendant under Fed.R.Civ.P. No. 12(b)(1) and (6), and additionally, opposes the request of the defendant for "two (2)" extra days* to file its Motion to Dismiss plaintiff's Complaint.

LEESON, LEESON & LEESON

By_____
JOSEPH F. LEESON, JR.
ID NO. 32540
70 East Broad Street
P.O. Box 1426
Bethlehem, PA 18016-1426
(610) 691-3320

Attorney for Plaintiff

* Even were the two (2) extra days to be allowed, the Motion to Dismiss would remain late and untimely under Fed.R.Civ.P. No. 81(c).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EASTON HOTEL RESTORATION, LLC, | : | |
| Plaintiff, | : | CIVIL ACTION – LAW |
| | : | |
| v. | : | NO.: 5:10-cv-02942-JKG |
| | : | |
| SELECTIVE WAY INSURANCE COMPANY, | : | |
| Defendant. | : | |

## EASTON HOTEL RESTORATION, LLC'S BRIEF IN OPPOSITION TO DEFENDANT, SELECTIVE WAY INSURANCE COMPANY'S MOTION TO DISMISS

Plaintiff, Easton Hotel Restoration, LLC, by and through its attorneys, Leeson, Leeson, and Leeson, hereby files this brief in opposition to Defendant's Motion to Dismiss Plaintiff's Complaint.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Easton Hotel Restoration, LLC, plaintiff in this matter, is a Pennsylvania limited liability corporation which, on May 17, 2010 filed a complaint in the Court of Common Pleas of Northampton County, Pennsylvania against defendant, Selective Way Insurance Company. Through this complaint, Easton Hotel Restoration, LLC has asserted multiple claims against Selective Way Insurance Company arising from Selective Way Insurance Company's failure to honor its obligations under an insurance policy that names Easton Hotel Restoration, LLC as an additional insured. Specifically, Easton Hotel Restoration, LLC seeks insurance coverage for any liabilities and defense costs incurred as the result of the underlying lawsuits captioned <u>William Trauger and Nancy Trauger, Husband/Wife vs. Easton Hotel Restoration, LLC, Ondra-Huyett Associates, Inc, Ondra-Huyett Construction Services, LLC and Ondra-Huyett Construction Services, Inc.</u>, C0048-CV-

2008-1088 in the Court of Common Pleas of Northampton County Pennsylvania, and the related action <u>Ondra-Huyett Associates, Inc. v. Kaplan Enterprises, Inc. and Easton Hotel Restoration, LLC</u>, C0048-CV-2009-12036, also in the Court of Common Pleas of Northampton County, Pennsylvania (hereinafter "underlying actions").

The underlying litigation originated in injuries sustained by William Trauger when he allegedly slipped and fell on a sidewalk located along side Larry Holmes Drive in the City of Easton, Pennsylvania. The Traugers alleged that the sidewalk he slipped on is adjacent to property owned by Easton Hotel Restoration, LLC. Easton Hotel Restoration, LLC's property on Larry Holmes Drive was being renovated pursuant to a contract between Carriage House Center on Global Issues and general contractor Ondra-Huyett Associates, Inc. After the Traugers filed their complaint, Ondra-Huyett Associates, Inc. filed a contribution action against Kaplan Enterprises, Inc. alleging that the accident occurred on Kaplan Enterprises, Inc.'s property.

Easton Hotel Restoration subsequently initiated this litigation by filing a complaint in the Court of Common Pleas of Northampton County, Pennsylvania seeking to enforce Selective Way Insurance's obligations to defend and indemnify Easton Hotel Restoration, LLC from the Traugers' claims in the underlying litigation. Selective Way Insurance removed the action to this Honorable court, and thereafter filed a motion to dismiss under Fed.R.Civ.P. Rule 12(b)(1) and Rule 12(b)(6).

## II. ARGUMENT

### A. The Motion to Dismiss of Defendant is Untimely Under Fed.R.Civ.P. No. 81(c), and Therefore Should be Dismissed

Federal Rule of Civil Procedure No. 81(c), governing removed actions, requires a moving party to file "defenses or objections" within the longest of the following periods:

 (A) 21 days after receiving -- through service or otherwise -- a copy of the initial pleading stating the claim for relief;

 (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or

 (C) 7 days after the notice of removal is filed.

Plaintiff's Complaint was served on May 21, 2010, and 21 days thereafter was June 11, 2010.

The date of removal was on June 18, 2010, and 7 days thereafter was June 24, 2010.

The Motion to Dismiss was not filed until July 13, 2010.

The longest period, as noted above, set a deadine of June 11, 2010 to file the Motion to Dismiss. This deadline was not met. The Motion to Dismiss is untimely since it was filed late and therefore should be denied.

### B. Standard of Review Under Rule 12(b)(1)

A court must dismiss a complaint if the court does not have subject matter jurisdiction. Fed.R.Civ.P., Rule 12(b)(1). A court lacks subject matter jurisdiction only if the claim is "wholly insubstantial and frivolous." Gould Elec. Inc. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000) (quoting Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) (quotations omitted). Selective Way Insurance asserts in its brief that its motion to dismiss pursuant to Rule 12(b)(1) is founded upon a factual challenge to Easton Hotel Restoration, LLC's standing. See Defendant's Brief, at *4*. Accordingly, the court "may consider and weigh evidence outside the pleadings to determine if it has jurisdiction" Gould, 220 F.3d at 177. In weighing this evidence, the court is required to

"conduct a plenary trial on the contested facts prior to making a jurisdictional determination." Id.

### C. Plaintiff Has Established Its Status as an Intended Third-Party Beneficiary Under Pennsylvania Law, and Therefore Has Standing to Pursue Its Claim In The Instant Litigation.

Selective Way Insurance, in its brief, argues that Easton Hotel Restoration is not a party to the insurance contract between Ondra-Huyett Associates and Selective Way Insurance. However, this argument is irrelevant, as Easton Hotel Restoration, LLC is an intended third-party beneficiary of the insurance contract and therefore has standing to enforce the terms of the contract. The Supreme Court of Pennsylvania has ruled that *intended* third-party beneficiaries have standing to enforce the terms of a contract. Guy v. Liederbach, 501 Pa. 47, 60, 459 A.2d 744, 751 (1983).

To determine whether a third-party beneficiary is an intended beneficiary, a court must employ a two-step analysis. First, the court must ascertain whether recognizing the third-party beneficiary's right is consistent with the intention of the parties to the contract. Id. (quoting the Restatement (Second) of Contracts § 302 (1979)). In the present case, the intent of Ondra-Huyett Associates and Selective Way Insurance to provide a benefit for Easton Hotel Restoration is clearly evidenced by the Certificate of Insurance issued by Selective Way Insurance.

Selective Way Insurance contends that the Certificate of Insurance cannot confer any rights to the holder that are not contained in the underlying policy. Easton Hotel Restoration, LLC concedes that the Certificate itself contains this disclaimer. However, Easton Hotel Restoration, LLC is not claiming that the Certificate itself conveys any rights. Rather, Easton Hotel Restoration, LLC respectfully submits that the Certificate is

certainly evidence upon which a court may infer that the parties intended to confer intended third-party beneficiary status upon the Certificate holder.

Selective Way Insurance argues that a Court of Common Pleas decision wholly obviates the evidentiary nature of the Certificate. Initially, it must be noted that <u>Bedwell Co. v. D. Allen Bros. Inc.</u>, 2006 WL 3692592 (Pa. Com. Pl. 2006) is not a decision issued by the Supreme Court of Pennsylvania, and therefore is not binding upon this court. <u>See</u> <u>Wirth v. Aetna U.S. Healthcare</u>, 469 F.3d 305, 309 (3d Cir. 2006). However, the <u>Bedwell</u> opinion offers a persuasive examination of the intended third-party beneficiary doctrine when applied to insurance contracts. It is true that the opinion in <u>Bedwell</u> states at one point that the certificate of insurance was not evidence that the policy at issue provided coverage for the third party as an additional insured. <u>Bedwell</u>, at 9-10. However, shortly thereafter, the court reached the conclusion that a dispute of material fact existed, relying at least partially on the "clear indication on the certificate of insurance where [the third-party beneficiary] is identified as a additional insured." <u>Bedwell</u>, at 11-12. This later statement indicates that the prior statement should have contained the qualifier "conclusive" and read as follows: "In this instance, the identification of an entity on a certificate of insurance is not [conclusive] evidence that coverage exists for the entity as an additional insured." Accordingly, Easton Hotel Restoration, LLC contends that the Certificate of Insurance is sufficient evidence to support a finding that the parties to the insurance policy intended to confer standing upon Easton Hotel Restoration, LLC to enforce the terms of the policy.

The second step of the <u>Guy</u> test, as it pertains to the present case, requires the court to determine whether the promisee intended to give the third-party the benefit of the

promised performance. <u>Guy</u>, 501 Pa. at 60, 459 A.2d at 751. Once again, the Certificate of Insurance is evidence capable of sustaining a finding that Ondra-Huyett Associates, the promisee in this case, intended to give Easton Hotel Restoration, LLC the benefit of the promised performance. Clearly, Ondra-Huyett must have provided the required information and requested the production of a Certificate of Insurance, or Selective Way Insurance would not have generated one for a third-party like Easton Hotel Restoration, LLC.

Selective Way Insurance's reliance on <u>General Motors Corp. v. Schneider Logistics, Inc.</u>, 2008 WL 2785861 (E.D. Pa. 2008) is similarly misplaced. The controlling contract in <u>General Motors</u> required the application of Michigan law to construe the contract. <u>General Motors</u>, at 2*. Accordingly, the opinion can have no relevance to determining whether a certificate of insurance constitutes sufficient evidence to infer the existence of intended third-party beneficiary status.

D. **The Contract Between Ondra-Huyett and Carriage House Center for Global Issues Required Ondra-Huyett to obtain Primary Coverage for "Owner", and Therefore Easton Hotel Restoration is Entitled to Primary Coverage Against the Traugers' Claims.**

Selective Way Insurance argues that the Additional Insured Endorsement - "Owners, Lessees or Contractors – Completed Operations" transforms Selective Way's obligation into merely the provision of excess coverage. Where the language of an insurance contract is clear and unambiguous, a Pennsylvania court must give effect to such language. <u>Erie Ins. Exch. v. Baker</u>, 601 Pa. 355, 362, 972 A.2d 507, 511 (2009). Any ambiguity in the language of the insurance policy is to be construed *against* the insurer and in favor of the insured. <u>Penn-America Ins. Co. v. Peccadillos, Inc.</u>, 2010 PA Super 130, at page 11* (filed July 16, 2010).

The relevant part of the endorsement cited by Selective Way provides as follows:

> This coverage shall be excess with respect to the person or organization included as an additional insured by its provisions; any other insurance that person or organization has shall be primary with respect to this insurance, **unless this coverage is required to be primary and not contributory in the contract, agreement referred to above.** (Emphasis Added)

The contract between Carriage House and Ondra-Huyett provides that "The Owner shall be named as additionally insured on the Construction Manager's commercial liability policy as well as that of all subcontractors." This obligation in the contract is not qualified. It clearly states that the "Owner" shall be named as an additional insured. In order to support the construction proferred by Selective Way, the court would be required to read an additional word into the sentence. Not only would this constitute ignoring the plain language of the policy, it would require construing any possible ambiguity in favor of the insurer and against the insured. As both of these constructions run counter to Pennsylvania law, the insurance policy's exclusion does not apply because the coverage required in the agreement between Carriage House and Ondra-Huyett is primary in nature.

> E. **The Snow and Ice Removal Exclusion in the Selective Way Insurance Company Policy Does Not Obviate Selective Way's Duties to Easton Hotel Restoration, LLC With Respect to The Traugers' Claims**

Selective Way Insurance asserts that the Snow and Ice Removal Exclusion to the instant insurance policy excludes Easton Hotel Restoration, LLC's claims in this litigation. In support, Selective Way alleges that the injuries to William Trauger "arise out of the alleged negligence of Ondra-Huyett Associates, Inc. in failing to maintain, clear and remove the snow from the sidewalk..." Defendant's Brief, at *13*. In support of this

allegation, Defendant's Brief cites to the Complaint filed by Easton Hotel Restoration, LLC in this matter, at Paragraph 2. Paragraph 2 of Plaintiff's Complaint, in its entirety, provides as follows:

> 2. In the Northampton County actions William Trauger sued the plaintiff herein for damages pertaining to personal injuries allegedly sustained by William Trauger on or about February 14, 2006. Said injuries are alleged by William Trauger to have been caused when William Trauger allegedly slipped and fell on a sidewalk along Larry Holmes Drive, in the City of Easton, Pennsylvania, which was allegedly adjacent to the plaintiff's real estate. The subject premises were under a contract between Carriage House Center on Global Issues, Inc. and Ondra-Huyett Associates, Inc. a general contractor. The defendant was the primary liability insurance company for Ondra Huyett Associates, Inc. at the time of the injury to William Trauger. Defendant has wrongfully failed to defend or indemnify plaintiff, despite demands that it do so.

Clearly, Selective Way's argument rests upon a bald assertion in its brief. Selective Way has cited to no evidence of record capable of establishing that the Snow and Ice Removal Exclusion applies.

### F. Standard of Review For Motions To Dismiss Under Rule 12(b)(6)

When a court is faced with a motion to dismiss under Fed.R.Civ.P., Rule 12(b)(6), the court may consider only such allegations that are contained in the complaint and furthermore, must accept those pleaded allegations as true. <u>Performance HR, Ltd., Inc. v. Archway Insurance Services L.L.C., et al.</u>, 2008 U.S. Dist. LEXIS 86683, at 3*. Additionally, the court must accept all reasonable inference from these allegations as true, and view the allegations in the light most favorable to the non-moving party." <u>Id.</u> A plaintiff need not plead detailed factual grounds to support her request for relief, but

merely demonstrate a "plausible entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, at 555-556.

### G. Easton Hotel Restoration, LLC's Complaint Sets Forth Sufficient Averments of Fact to Establish A Cause of Action For Deceit

In Pennsylvania, the cause of action for deceit consists of five elements: a) a false representation, generally of fact, made by the defendant; b) knowledge or belief on the part of the defendant that the representation is false, or an insufficient basis to make the representation; c) an intention to induce the plaintiff to act or refrain from acting in reliance on the information; d) justifiable reliance by the plaintiff; and e) damage to the plaintiff resulting from the reliance. Kuehner v. Parsons, 527 A.2d 627, 629 *appeal denied*, 517 Pa. 626, 538 A.2d 879 (Pa. Cmwlth. 1987).

In the present case, Easton Hotel Restoration, LLC has pled that Selective Way Insurance intended for Easton Hotel Restoration, LLC to be an additional insured under Ondra-Huyett's policy with Selective Way, as evidenced by the Certificate of Insurance. Furthermore, Easton Hotel Restoration has pled, and the instant litigation is the result of, Selective Way's subsequent refusal to honor this intent. It is respectfully submitted that, when viewed in the light most favorable to Easton Hotel Restoration, the allegations in the Complaint allow for the reasonable inference that Easton Hotel Restoration reasonably relied upon the Certificate of Insurance and is now suffering damages from Selective Way's failure to honor the promise of insurance. Accordingly, Easton Hotel Restoration, LLC contends that it has pled sufficient facts to demonstrate a "plausible entitlement to relief."

**H.     Easton Hotel Restoration, LLC's Bad Faith Claim is Not Grounded Under UIPA**

Selective Way Insurance asserts that the UIPA does not provide a private right of action. To the best of Plaintiff's understanding and knowledge, this is a true statement of Pennsylvania law. "Nevertheless, a court may look to the language of the UIPA as a guide for determining whether an insurer's conduct constitutes "bad faith" within the meaning of section 8371." Emplrs Mut. Cas. Co. v. Loos, 476 F. Supp. 2D 478, 493 (W.D. Pa 2007) (*citing* Romano v. Nationwide Mutual Fire Insurance Company, 646 A.2d 1228 (Pa.Super. 1994). Accordingly, Plaintiff's use of language reminiscent of the UIPA is appropriate in setting forth a cause of action sounding in bad faith.

**I.     Since Easton Hotel Restoration, LLC Has Established Its Status as an Intended Third-Party Beneficiary, Its Claim For Bad Faith is Viable**

Selective Way's final argument is that in the absence of a finding of breach of contract, there can be no finding of bad faith. As a statement of general Pennsylvania law, Plaintiff cannot deny the veracity of the argument. However, as demonstrated above, Plaintiff can establish the existence of a breach on the part of Selective Way, and therefore Selective Way's argument against Plaintiff's bad faith claim fails on its own standard.

**III.    CONCLUSION**

For the foregoing reasons, Easton Hotel Restoration, LLC respectfully requests this Honorable court deny Selective Way Insurance Company's Motion to Dismiss.

LEESON, LEESON & LEESON

By_____
JOSEPH F. LEESON, JR.
ID NO. 32540
70 East Broad Street
P.O. Box 1426
Bethlehem, PA 18016-1426
(610) 691-3320
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EASTON HOTEL RESTORATION, LLC, <br> Plaintiff, | : <br> : CIVIL ACTION – LAW <br> : |
| v. | : NO: 5:10-cv-02942-JKG <br> : |
| SELECTIVE WAY INSURANCE COMPANY, <br> Defendant. | : <br> : |

### CERTIFICATE OF SERVICE

I, JOSEPH F. LEESON, JR., ESQUIRE, hereby certify that a true and correct copy of the foregoing proposed Order, Answer of Plaintiffs to Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1) and (6) and Brief in opposition thereto, were forwarded to the following at the addresses indicated via U.S. Mail, postage prepaid on the date indicated below:

    Andrew G. Cassidy, Esquire
    Edmund Perry, Esquire
    One West First Avenue, Suite 450
    Conshohocken, PA  19428
     Attorneys for Defendant

                                            LEESON, LEESON & LEESON

                                            By_____
                                              JOSEPH F. LEESON, JR.
                                              ID NO. 32540
                                              70 East Broad Street
                                              P.O. Box 1426
                                              Bethlehem, PA  18016-1426
                                              (610) 691-3320
                                              Attorneys for Plaintiff

Date: <u>July 28, 2010</u>